IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Rosario A. Fiorani, Jr. | * | |
| Plaintiff | | |
| | * | |
| v. | | Civil No.: L-04-3036 |
| | * | |
| Albert J. Lowry, et al. | | |
| Defendants | * | |

\*\*\*\*\*\*

**MEMORANDUM**

Now pending are Plaintiff's Motion to Compel and Defendants' Motion for Involuntary Dismissal. For the reasons stated herein, the Court will, by separate Order, DENY the Motion to Compel, GRANT the Motion for Involuntary Dismissal, and DIRECT the Clerk to CLOSE the case.

**I.   Background**

Rosario Fiorani, Jr. (Fiorani) filed the instant suit on September 22, 2004. Fiorani's filings are difficult to follow, but he seems to allege that he lost money using the Defendants' supposedly foolproof real estate investment strategy. He also contends that Defendants have swindled him by charging him for additional real estate support services after the seminar.

The case was sent to discovery on July 27, 2005, after the Court resolved several procedural issues.[1] On August 22, 2005, Fiorani filed a motion for protective order against defense counsel. He made confusing and conclusory allegations, without providing any factual support, claiming that defense counsel had threatened and harassed him. The Court denied his

---

[1] When the Defendants did not file a timely answer, Fiorani filed for default judgment. Upon a proper showing from the Defendants, the Court set aside the entry of default and denied default judgment. (Docket No. 31). The Court also dismissed claims against Bradley Booke, for lack of jurisdiction. (Docket No. 33).

motion, (Docket No. 47), and explained to Fiorani that as a *pro se* plaintiff, "defense counsel is entitled to contact him concerning discovery and other matters pertaining to the suit." (Docket No. 46).

Discovery ended on September 27, 2005, and the parties were to have filed a status report by October 4th. Only counsel for the Defendants filed the required report. He informed the Court that he had only recently been retained, that Fiorani had refused to comply with discovery and deposition requests, and that it appeared that the Defendants had not yet answered a set of Fiorani's interrogatories. After the Court denied Fiorani's motion for protective order and sanctions, the Defendants filed a motion to extend the discovery deadline, so that they might obtain the discovery that Fiorani had not previously supplied.

Fiorani never filed any response to the motion to extend the discovery deadline. He never denied his failure to provide discovery, and he made no promise that he would cure his default.

By letter Order dated April 4, 2006, the Court granted the motion to extend the discovery deadline. (Docket No. 51). The Court gave Fiorani specific and strict deadlines for providing discovery, including a requirement that he provide dates for his deposition. The Order warned Fiorani that he was being given a last chance, and that his case would be dismissed unless he complied.

Fiorani did not even attempt to comply with the Court's simple and explicit April 4th Order. Instead, he offered only incoherent bluster about the Court's alleged bias against him.

On May 4, 2006, the Defendants filed a motion for involuntary dismissal, citing Fiorani's continued failure to comply with any of the requirements set forth in the Court's April 4th Order.

## II.     Standard

Rule 41(b) of the Federal Rules of Civil Procedure states: "for failure of the plaintiff to

prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

**III.     Analysis**

Whether to dismiss an action under Rule 41(b) is committed to the sound discretion of the trial court. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit directs the district court to apply a four-part test in deciding whether the "harsh" sanction of dismissal is appropriate. Id. The district court must weigh: (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately proceeding in a dilatory fashion', and (4) the existence of sanctions less drastic than dismissal. Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989) (*citing* Davis, 588 F.2d at 70; Chandler Leasing Corp. v. Gomez, 669 F.2d 919, 920 (4th Cir. 1982)). An analysis of each of the four parts argues for dismissing the case with prejudice.

   A. Degree of Personal Responsibility

This is not a situation in which an innocent plaintiff is being punished for the negligence of his attorney, because Fiorani is acting *pro se*. He bears responsibility for his own litigation decisions.

Nor is this a situation in which an unsophisticated *pro se* litigant is simply incapable of complying with the rules and needs assistance. It is clear from his filings that he is familiar with the Federal Rules of Civil Procedure.[2] He also claims throughout his filings to have "consulting counsel."[3]

---

   [2]     By his own admission, Fiorani has several cases pending in other courts and he has been a frequent filer in the District of Maryland.

   [3]     See, e.g. Plaintiff's Reply to and Appeal of Judge's Memorandum/Order of April 4, 2006, at 3, 4, 5, 6, (Docket No. 52). Fiorani had an attorney before filing this case; that attorney was disbarred in 2003, however. Regarding the "consulting counsel," the Court notes that the Local Rules of this Court require that any attorney who assists a *pro se* party with a

Fiorani filed this case, and abandoned it.  He, therefore, bears direct responsibility for his own failure to provide discovery to the Defendants or comply with Court orders.

B. Prejudice to the Defendants

Fiorani's derelictions are not minor.  He has stonewalled the defendants completely with respect to discovery.  He failed to appear for a properly noted deposition, and refused to answer interrogatories and to produce documents.  He prejudiced the defendants, therefore, by withholding the information they need to understand his complaints and generate a defense.

C.  History of Proceeding in a Dilatory Fashion

A Scheduling Order was issued almost a year ago, yet Fiorani has done nothing to advance the litigation.  He consistently refused to comply with Court orders, including the "last chance" Order of April 4, 2006.  Furthermore, Fiorani let the discovery period expire without giving the Court any indication that the Defendants had not provided discovery to him.  Fiorani only raised objections after the Court had told him that he was not going to be permitted to conduct any further discovery. Although he now claims that the Defendants did not respond to his discovery requests,[4] he never notified the Court of this problem, and never filed anything that the Court might have construed as a motion to compel.  Fiorani had ample opportunity to do so: (i) anytime during the discovery period; (ii) when he filed his motion for sanctions; (iii) when he filed his motion for a protective order; (iv) when the status report was due on October 4, 2005; (v) in response to the Defendants' status report filed on October 4th, or (vi) in response to the

---

filing must be member of this Court's Bar and must sign the pleadings.  See Local Rule 102.1.a.ii.

[4]   The Court's Order dated April 4, 2006 informed Fiorani that he would not be permitted to conduct further discovery.  On April 11th, Fiorani filed a motion to compel, stating that the Defendants had not answered any of his discovery requests.  Fiorani's motion is too late: he did not file it during the discovery period and he did not seek an extension of discovery.  Accordingly, his Motion to Compel is DENIED.

Defendants' motion to extend discovery filed on December 5, 2006.

D. Availability of Alternatives

Given the history of this case, there is no reason to expect that an intermediate sanction would prompt Fiorani to meet his discovery obligations. As mentioned, the Court, by letter Order dated April 4, 2006, gave Fiorani specific and strict deadlines with a warning that his case could be dismissed, and he did not heed this ultimatum. Fiorani has not evidenced any willingness to cooperate with defense counsel or to comply with Court orders.

**IV.    Conclusion**

Fiorani has prejudiced the Defendants by putting them to the burden and expense of hiring counsel. He has exhibited no willingness to undertake the effort necessary to conduct this case. Accordingly, dismissal with prejudice is the just and appropriate disposition. The Court will DENY Fiorani's Motion to Compel, GRANT the Defendants' Motion for Involuntary Dismissal. The case is DISMISSED with prejudice, with each party to bear its own costs. The Court DIRECTS the Clerk to CLOSE the case.

Dated this 28th day of June, 2006

/s/
Benson Everett Legg
Chief Judge